UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-668-RJC

| | |
|---|---|
| WILLIAM EDWARD HEMPHILL, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)     **ORDER**<br>R. NELLY, )<br>)<br>Respondent. )<br>_____) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 4).

I.     **BACKGROUND**

Pro se Petitioner William Edward Hemphill, Jr., is a prisoner of the State of North Carolina, who, on December 2, 2010, in Mecklenburg County Superior Court, was convicted after trial by jury of attempted felonious breaking or entering, possession of implements of housebreaking, resisting a public officer, and of attaining habitual felon status, and he was sentenced to 133-169 months imprisonment, in cases 09 CRS 207226-228, and 10 CRS 12639. On February 21, 2012, the North Carolina Court of Appeals filed a published opinion finding no prejudicial error. On August 23, 2012, the North Carolina Supreme Court denied discretionary review. State v. Hemphill, __ N.C. App. __, 723 S.E.2d 142, review denied, 731 S.E.2d 166 (N.C. 2012). Petitioner was represented at trial by Mr. W. Robinson Heroy and on appeal by Mr. M. Alexander Charns.

Petitioner placed the petition in the prison mail system on September 21, 2012, and it was

stamp-filed in this Court on October 11, 2012.  See (Doc. No. 1 at 21).  Petitioner contends that: (1) the trial court erred by failing to grant his motion to suppress the evidence seized and his statements; (2) defense counsel provided ineffective assistance of counsel by failing to object when the evidence and statements that were the subject of his motion to suppress were admitted or discussed at trial; (3) the trial court erred by failing to dismiss the misdemeanor resist, delay, or obstruct an officer charge, as the indictment was fatally defective; (4) the trial court erred by failing to grant Petitioner's motion to dismiss the possession of burglary tools charge based on insufficiency of the evidence, and because the possession of burglary tools statute is unconstitutionally overbroad and void for vagueness; (5) the Court of Appeals erred by upholding the trial court's failure to grant Petitioner's motion to suppress the evidence seized and Petitioner's statements; (6) the Court of Appeals erred in failing to rule that defense counsel provided ineffective assistance of counsel by failing to object when the evidence and statements were admitted or discussed at trial; (7) the Court of Appeals erred in not ruling that the trial court should have dismissed the misdemeanor resist, delay or obstruct an officer charge because the indictment was fatally defective; and (8) the Court of Appeals erred by failing to rule that the trial court should have granted Petitioner's motion to dismiss the possession of burglary tools charge.

On June 24, 2013, Respondent filed the pending motion for summary judgment.  (Doc. No. 4).  On July 3, 2013, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner thirty days to respond to the summary judgment motion. (Doc. No. 6).  On August 7, 2013, Petitioner filed a response to the summary judgment.  (Doc. No. 9).

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> Charlotte-Mecklenburg Police Officer Charles Adkins (Officer Adkins) was dispatched to Auto America, a used car sales business, on 10 February 2010, at approximately 10:10 p.m., in response to an anonymous call reporting suspicious activity involving two African-American men, one wearing a white "hoodie." Auto America was closed for the day and the gate was closed. Officer Adkins saw Defendant, wearing a white hoodie, peering around a white van. Officer Adkins was in a marked patrol car, and was wearing his standard police uniform. Officer Adkins testified:
>
>> As soon as [Defendant] saw me, he began to run. He ran around the left side of the business and continued to run behind the business. As soon as he took off, I chased after him.
>> ....
>> As soon as he started running, I began to run after him, and I yelled out—I gave him several verbal commands to stop. I identified myself as a police officer and told him to stop.
>>
>> He continued to run. He ran around the building. We ran through the car lot, all the parked cars there, and he ran in front of a Mexican restaurant and behind a dumpster there where I caught him.
>
> Defendant "was trying to hide behind a dumpster" when Officer Adkins caught up with him. Officer Adkins had his Taser out, and put Defendant on the ground. While restraining Defendant with handcuffs, Officer Adkins asked Defendant why he was running. Defendant replied that he was breaking into Auto America and did not want to get caught. When Officer Adkins conducted a pat-down search, he recovered a ten-inch screwdriver from Defendant's back left pocket and a small wrench from Defendant's back right pocket. Officer Adkins walked Defendant back to the patrol car and advised Defendant of his <u>Miranda</u> rights. Additional officers arrived on the scene, and located a sledgehammer behind the white van where Officer Adkins had originally spotted Defendant. Near the sledgehammer, the officers found an approximately "three-foot by three-foot . . . hole in the wall that went about two feet deep, and it actually punctured through the wooden paneling inside of what appeared to be an office." Officer Adkins then questioned Defendant about the sledgehammer and the hole in the wall of Auto America. Defendant "stated that he brought the tools earlier in the day and that he hid them so that he could break into the business that night."
>
> Defendant was charged with attempted felonious breaking and entering, possession of implements of housebreaking, and resisting a public officer.

> Defendant was also charged with having attained habitual felon status. At trial, Defendant moved to suppress both evidence collected and Defendant's statements, arguing that the initial detention of Defendant was unconstitutional. Defendant's motions were denied. A jury found Defendant guilty of attempted felonious breaking or entering, possession of implements of housebreaking, resisting a public officer, and of having attained habitual felon status.

State v. Hemphill, __ N.C. App. __ , 723 S.E.2d 142, 143-44 (2012).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F .3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal

5

question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the

6

court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)).

### III. DISCUSSION

#### A. Trial Court's Failure to Grant Petitioner's Motion to Suppress Evidence Seized and Petitioner's Statements

In his first claim, Petitioner contends that the trial court erred by failing to grant Petitioner's motion to suppress the evidence seized and Petitioner's statements made to Officer Adkins. Petitioner's motion to suppress was based on, inter alia, an alleged violation of Petitioner's Fourth Amendment right against unreasonable searches and seizures. Petitioner raised this claim on direct appeal, and the North Carolina Court of Appeals denied the claim on the merits. Petitioner's Fourth Amendment search and seizure claim is therefore barred from federal habeas review, as fully litigated Fourth Amendment claims are not cognizable in federal habeas petitions. See Stone v. Powell, 428 U.S. 465, 481-82 (1976); see also Wright v. West, 505 U.S. 277, 293 (1992) ("We have also held . . . that claims under Mapp [evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the state courts have provided a full and fair opportunity to litigate them at trial or on direct review."); Mueller v. Angelone, 181 F.3d 557, 570 n.8 (4th Cir.) (acknowledging Stone v. Powell rule that federal habeas courts decline to review state court Fourth Amendment determinations), cert. denied, 527

U.S. 1065 (1999); Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982) ("Stone v. Powell marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner has an opportunity to litigate those claims in state court."), cert. denied, 462 U.S. 1134 (1983). In sum, Petitioner's Fourth Amendment search and seizure claim is barred from federal habeas review under Stone v. Powell.

Next, Petitioner's motion to suppress was also based on an alleged Fifth Amendment and Miranda violation. Petitioner raised the substance of this claim on direct appeal, and the North Carolina Court of Appeals denied the claim on the merits, as follows:

> Defendant also contends that his response to Officer Adkins's questioning while Defendant was on the ground and being restrained with handcuffs should have been suppressed because Officer Adkins had not "mirandized" Defendant at that time. We agree.
> ….
> The Miranda Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or deprived of his freedom of action in any significant way." Miranda, 384 U.S. [436] at 444, 86 S.Ct. 1602 [16 L.Ed.2d 694 (1966)]. "[T]he appropriate inquiry in determining whether a defendant is in 'custody' for purposes of Miranda is, based on the totality of the circumstances, whether there was a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" Buchanan, 353 N.C. at 339, 543 S.E.2d at 828 (citations omitted). The United States Supreme Court has consistently held that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Id. at 341, 543 S.E.2d at 829(quoting Stansbury v. California, 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)). "A policeman's unarticulated plan has no bearing on the question of whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." Buchanan, 353 N.C. at 341-42, 543 S.E.2d at 829 (quoting Berkemer v. McCarty, 468 U.S. 420,

> > 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)).
>
> Johnston, 154 N.C. App. at 502-03, 572 S.E.2d at 440-41.
>
> ….
>
> [6] We hold that a reasonable person in Defendant's position, having been forced to the ground by an officer with a taser drawn and in the process of being handcuffed, would have felt his freedom of movement had been restrained to a degree associated with formal arrest.
>
> ….
>
> We further hold that Officer Adkins's questioning of Defendant at that time constituted an interrogation. Id. Therefore, the trial court should have granted Defendant's motion to suppress Defendant's statements that he was breaking into Auto America and that he ran from Officer Adkins because he did not want to be caught.
>
> [7] However, we also hold that Defendant was not prejudiced by the trial court's failure to suppress his statements. The trial court found as fact that, after Defendant was formally arrested and given his Miranda rights, Defendant stated that
>
> > he had ridden a bus to [Auto America].... [D]efendant stated that he had brought tools to the location earlier in the day and had hidden them so that he could use them to break into [Auto America].
>
> Because Defendant admitted his guilt after having been given his Miranda rights, we cannot say that the failure to suppress his pre-Miranda statement was prejudicial or harmful.

Hemphill, 723 S.E.2d at 146-47.

Here, the state court adjudication of Petitioner's Miranda claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. That is, the state appellate court correctly found that, although Petitioner's Miranda rights were violated, Petitioner suffered no prejudice. The state appellate court correctly stated the requirements

under Miranda, and the state court reasonably applied Miranda to Petitioner's claim. In sum, Petitioner's first claim is without merit.

**B. Defense Counsel's Failure to Object When Seized Evidence and Petitioner's Statements were Admitted or Discussed at Trial**

In his second claim, Petitioner contends that he received ineffective assistance of counsel because, although defense counsel filed and argued a pre-trial motion to suppress, counsel failed to object when the evidence and statements were admitted or discussed at trial. Petitioner raised this claim on direct appeal, and the North Carolina Court of Appeals denied the claim on the merits, notwithstanding defense counsel's failure to renew the objection at trial, stating:

> Defendant further argues that his attorney was ineffective because his attorney failed to object to the admission of the tools and Defendant's statements at trial. We disagree. Having determined that the screwdriver and wrench were properly seized pursuant to a constitutional stop and frisk, and that Defendant was not prejudiced by the admission of his pre-Miranda statements, we further hold that Defendant's counsel was not ineffective when Defendant's counsel failed to object to the admission of this evidence at trial.

Hemphill, 723 S.E.2d at 147-58. To establish ineffective assistance of counsel under the familiar two-part test of Strickland v. Washington, 466 U.S. 668 (1984), Petitioner must show both a professional dereliction and reasonable probability of a different result. The state court adjudication of Petitioner's second claim was neither contrary to nor an unreasonable application of Strickland, as Petitioner has shown neither prong of the Strickland test. In sum, Petitioner's second claim is without merit.

**C. Petitioner's Contention that the Indictment Was Fatally Defective**

In his third claim, Petitioner contends that the indictment was fatally defective, and the trial court erred by failing to dismiss the charge for misdemeanor resisting, delaying, or

obstructing an officer. Petitioner raised the substance of this third claim on direct appeal, and the North Carolina Court of Appeals adjudicated and denied the claim on the merits, as follows:

> Finally, Defendant argues that the trial court erred in not dismissing the charge of misdemeanor resisting an officer because the indictment for this charge was fatally defective. We disagree.
>
> N.C. GEN. STAT. § 14–223 states: "If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor." N.C. GEN. STAT. § 14–223 (2011). An indictment charging a violation of N.C.G.S. § 14-223 must, inter alia, "state in a general way the manner in which [the] accused resisted or delayed or obstructed such officer." State v. Fenner, 263 N.C. 694, 700, 140 S.E.2d 349, 353 (1965) (citations omitted). Defendant argues that the indictment in this case failed to state with sufficient particularity the manner in which Defendant resisted, delayed or obstructed Officer Adkins. The indictment at issue stated in relevant part that Defendant resisted Officer Adkins "by not obeying [Officer Adkins's] command."
>
> [8] [9] "An indictment for resisting arrest must only include a general description of the defendant's actions." State v. Baldwin, 59 N.C. App. 430, 434, 297 S.E.2d 188, 191 (1982) (citation omitted). In Baldwin, the indictment charged
>
>> that [the] defendant "unlawfully and wilfully did resist, delay and obstruct [the officer] . . . by struggling with [the officer] and attempting to get free of [the officer's] grasp." This indictment was notice to the defendant that he should expect the facts surrounding the arrest to be brought out at trial, including his abusive language.
>
> Id. at 435, 297 S.E.2d at 191-92; see also State v. Lynch, 94 N.C. App. 330, 333-34, 380 S.E.2d 397, 399 (1989). Likewise in the present case, the indictment's general language was sufficient to put Defendant on notice that the events surrounding his arrest would be brought out at trial. The only evidence presented at trial concerning a command given by Officer Adkins was Officer Adkins's command for Defendant to stop running, which Defendant failed to heed. We hold that the indictment for resisting arrest was not fatally defective.

Hemphill, 723 S.E.2d at 148.

Here, the state court adjudication was neither contrary to nor an unreasonable application

of clearly established Supreme Court law, as determined by the Supreme Court of the United States. Alleged errors or deficiencies in state court indictments do not warrant federal habeas relief unless they rendered the entire state court proceeding fundamentally unfair. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). Furthermore, alleged errors or deficiencies in state court indictments are non-jurisdictional as a matter of federal constitutional law, and are therefore subject to harmless error analysis. See generally United States v. Cotton, 535 U.S. 625 (2002). In sum, Petitioner's third claim is without merit.

**D. Petitioner's Contention that the Trial Court Erred by Failing to Grant Petitioner's Motion to Dismiss the Possession of Burglary Tools Charge Based on Insufficiency of the Evidence, and Based on Petitioner's Contention that the Statute is Unconstitutionally Overbroad and Void for Vagueness**

In his fourth claim, Petitioner contends that the trial court erred by failing to grant Petitioner's motion to dismiss the possession of burglary tools charge based on insufficiency of the evidence, and because the statute is unconstitutionally overbroad and void for vagueness. The standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Wright v. West, 505 U.S. 277 (1992). Furthermore, the Supreme Court has held that any claim of insufficient evidence is necessarily a federal due process claim. See Jackson v. Virginia, 443 U.S. 307 (1979); In re Winship, 397 U.S. 358, 364 (1970). Here, as summarized in the above statement of facts, the state's evidence showed (1) that Officer Adkins found the wrench and screwdriver in Petitioner's pocket and saw a sledgehammer leaning against the van where Adkins first saw

12

Petitioner; (2) a picture of the sledgehammer was introduced for illustrative purposes; (3) Petitioner admitted he had brought the tools to the scene earlier that day and hid them so he could break into the business; and (4) Officer Henson saw the sledgehammer leaning against the van and heard Petitioner admit to having brought it earlier that day.   Taken in the light most favorable to the state, the evidence was sufficient to support Petitioner's conviction for possession of burglary tools.

Petitioner also asserts that N.C. GEN. STAT. § 14-55 (2009) (preparation for housebreaking by possession of housebreaking implements without lawful excuse) is unconstitutionally vague.  Although Petitioner raised this claim on direct appeal, the North Carolina Court of Appeals did not specifically adjudicate this claim.  Nevertheless, the North Carolina Court of Appeals is presumed to have done so.  See Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013) (presumption that state court adjudicated claim on merits, when claim not specifically mentioned).  The denial of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law.  The Supreme Court has held that a statute is not unconstitutionally vague where it provides fair notice and is not arbitrary or discriminatory.  See Skilling v. United States, 130 S. Ct. 2896, 2927-28 (2010).  Here, Section 14-55 was sufficiently specific to place Petitioner on notice that it is illegal to carry housebreaking implements without lawful excuse.   In sum, Petitioner's fourth claim is without merit.

> E. **Petitioner's Contention that the Court of Appeals Erred by Upholding the Trial Court's Failure to Grant Petitioner's Motion to Suppress the Evidence Seized and Petitioner's Statements**

In his fifth claim, Petitioner contends that the Court of Appeals erred by upholding the trial court's failure to grant Petitioner's motion to suppress the evidence seized and Petitioner's statements. This is the same claim as in Petitioner's first ground for relief, although Petitioner describes it as an error by the Court of Appeals rather than the trial court. This claim is without merit for the same reasons the first ground for relief is without merit.

**F. Petitioner's Contention that the Court of Appeals Erred by Failing to Rule that Defense Counsel Provided Ineffective of Counsel by Failing to Object When Evidence and Statements subject to the Motion to Suppress were Admitted or Discussed at Trial**

In his sixth claim, Petitioner contends that the Court of Appeals erred in failing to rule that defense counsel provided ineffective assistance of counsel by failing to object when the evidence and statements were admitted or discussed at trial. This is the same claim as in Petitioner's second ground for relief, although Petitioner describes it as an error by the Court of Appeals rather than the trial court. This claim is without merit for the same reasons the second ground for relief is without merit.

**G. Petitioner's Contention that the Court of Appeals Erred in Not Ruling that the Misdemeanor Resist, Delay, or Obstruct an Officer Charge Should Have Been Dismissed Because the Indictment was Fatally Defective**

In his seventh claim, Petitioner contends that the Court of Appeals erred in not ruling that the misdemeanor resist, delay, or obstruct an officer charge should have been dismissed because the indictment was fatally defective. This is the same claim as in Petitioner's third ground for relief, although Petitioner describes it as an error by the Court of Appeals rather than the trial

court. This claim is without merit for the same reasons the third ground for relief is without merit.

### H. Petitioner's Contention that the Court of Appeals Erred in Failing to Rule that the Trial Court Should Have Granted Petitioner's Motion to Dismiss the Possession of Burglary Tools Charge Based on Insufficient Evidence, and Because the Statute Is Unconstitutionally Overbroad and Void for Vagueness

In his eighth claim, Petitioner contends that the Court of Appeals erred by failing to rule that the trial court should have granted Petitioner's motion to dismiss the possession of burglary tools charge based on insufficient evidence, and because the statute is unconstitutionally overbroad and void for vagueness. This is the same claim as in Petitioner's fourth ground for relief, although Petitioner describes it as an error by the Court of Appeals rather than the trial court. This claim is without merit for the same reasons the fourth ground for relief is without merit.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment as to all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 4), is **GRANTED**.
2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge